FILED
CLERK
10 APR 20 AM 10:06
U.S. DISTRICT COURT
EASTERN DISTRICT
NEW YORK

**Penn Dodson (PD 2244)**
GOLDBERG & DOHAN, LLP
11 Park Place
Suite 1100
New York, NY 10007
(646) 502-7751 direct
(800) 719-1617 main
(212) 406-4779 fax
*pdodson@goldbergdohan.com*

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW ELLIS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>COMMONWEALTH WORLDWIDE CHAUFFEURED TRANSPORTATION OF NY, LLC, d/b/a Commonwealth Worldwide, and<br>SCOTT RUTTER, an individual<br><br>　　　　　Defendants. | **COMPLAINT FOR DAMAGES**<br><br>Case No. 10  1741<br><br>IRIZARRY, J.<br>ORENSTEIN, M.J.<br><br>**JURY TRIAL REQUESTED** |

　　　　Plaintiff Andrew Ellis worked as a chauffeur for Defendants' limousine company, earning a base hourly rate of pay plus a commission of 20% of fares generated. For the many hours over 40 worked in the workweek Defendants paid him overtime, but only at the rate of time-and-a-half of his base rate of pay, without taking the commissions into account. Further, despite not allowing for the opportunity for Plaintiff to actually take regular meal breaks, Defendants automatically deducted 30 minutes from each of his shifts. To challenge these wage



and other violations, Plaintiff, by and through counsel, complains of Defendants Commonwealth Worldwide Chauffeured Transportation of NY, LLC, d/b/a Commonwealth Worldwide, and Scott Rutter, as follows:

## INTRODUCTION

1. Plaintiff Andrew Ellis brings this action to recover unpaid wages, overtime and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., (hereinafter "FLSA").

2. Plaintiff Andrew Ellis brings this action to recover unpaid wages, overtime and other damages under the provisions of the New York Minimum Wage Act, N.Y. Lab. Law, Art. 19, §§ 650 et seq. (hereinafter, "NYLL").

3. Plaintiff also brings correlative unjust enrichment and breach of contract claims associated with the same events giving rise to the wage claims.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 et seq. of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 et seq. A significant portion of the events giving rise to the instant litigation occurred at the


11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Ellis v. Commonwealth Worldwide*
USDC, SDNY

Complaint
Page 2

Defendants' facility located in the borough Queens, New York, and one or more of the Defendants named herein resides in this district.

## PARTIES

### Defendant Commonwealth Worldwide Chauffeured Transportation of NY, LLC

7. Defendant **Commonwealth Worldwide Chauffeured Transportation of NY, LLC** d/b/a Commonwealth Worldwide (hereinafter "Commonwealth Worldwide") is a New York corporation doing business within the City of New York, and whose principal place of business is located at 49-29 30th Street, Long Island City, Queens, New York 11101, in Queens County. It has no registered agent listed with the NYS Department of State.

8. At all times material to this action, Defendant Commonwealth Worldwide was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

9. At all relevant times, Defendant Commonwealth Worldwide was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. At all relevant times, Defendant Commonwealth Worldwide had annual gross revenues in excess of $500,000.

11. Defendant Commonwealth Worldwide operates a chauffeured transportation / limousine business.

12. Commonwealth Worldwide's base of operations is located in an industrial/ commercial area of Queens. It is not located, for example, at an airport.



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
ww.goldbergdohan.com

*Ellis v. Commonwealth Worldwide*
USDC, SDNY

Complaint
Page 3

### Defendant Scott Rutter

13. Defendant Scott Rutter, an individual, is a resident of the state of New York.

14. At all times material to this action, Defendant Scott Rutter actively participated in the business of the corporation.

15. At all times material to this action, Defendant Scott Rutter exercised substantial control over the functions of the employees, including Plaintiff.

16. At all times material to this action, Defendant Scott Rutter, was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

17. Defendant Scott Rutter has an ownership interest in and/or is a shareholder of Commonwealth Worldwide.

18. Defendant Scott Rutter is one of the ten largest shareholders of Commonwealth Worldwide.

19. Defendant Scott Rutter is liable to Plaintiff for unpaid wages pursuant to New York Business Corporations Law § 630.

### Plaintiff Andrew Ellis

20. Plaintiff Andrew Ellis is a resident of the borough of Brooklyn, New York, living in Kings County.

21. At all times material to this action, the Plaintiff Andrew Ellis herein was an "employee" within the meaning of 29 U.S.C. § 203(e).

22. Plaintiff Andrew Ellis worked for Commonwealth Worldwide as a chauffeur from approximately July, 2004 to June, 2009.

23. The vehicles Plaintiff drove weighed 10,000 pounds or less.



*Ellis v. Commonwealth Worldwide*
USDC, SDNY

11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

Complaint
Page 4

24. None of the vehicles Plaintiff drove were deemed "taxicabs" by the New York Taxi & Limousine Commission ("TLC").

25. While in his position, Plaintiff Ellis was paid on an hourly basis at a certain rate of pay.

26. Plaintiff Ellis's base rate of pay was $8.00 per hour.

27. Plaintiff Ellis also was also to be paid 20% of every fare earned by the services he rendered.

28. Defendants described this 20% as "tips" or "gratuities." However, in actual fact, this amount should have been characterized as a "commission."

29. Plaintiff Ellis was paid for overtime at a rate of $12.00 per hour for some of the hours over 40 he worked in a workweek.

30. Defendants did not include any of the 20% amounts in the calculation of Plaintiff's overtime rate.

31. Defendants never provided Plaintiff with information detailing how much the company had generated in fares from the services Plaintiff had rendered. Therefore, Plaintiff had no way to ascertain whether he was being paid the 20% amount itself correctly or not.

32. On average, Plaintiff worked approximately 45-60 hours per week.

33. Plaintiff Ellis worked more than 10 hours on at least some workdays.

34. For the days Plaintiff Ellis worked more than 10 hours Defendants did not pay him an additional one-hour's pay at the applicable minimum wage rate.

35. The employer made a deduction of 30 minutes from the Plaintiff's time logged each shift.

36. However, the vast majority of the time, Plaintiff was not able to take a *bona fide* meal break.


11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Ellis v. Commonwealth Worldwide*
USDC, SDNY

Complaint
Page 5

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

37. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Improper Calculation of Overtime Rate*

38. Plaintiff earned 20% of each fare generated by the rendering of his chauffeur services.

39. This 20% was a commission.

40. For overtime earned, Plaintiff was paid only on the basis of his base rate of pay rather than taking the 20% amount into consideration.

41. Plaintiff's commissions should have been included in the regular rate of pay when calculating his overtime.

*Improper Automatic Break Deductions When Breaks Not Taken*

42. Defendant's agents regularly deducted time from Plaintiff's time logged (approximately one half hour per shift) for alleged breaks or meal times.

43. Due to the nature of his responsibilities, Plaintiff was rarely able to take a break during his shifts. To the extent that he was able to take a break at all, it was generally in the range of 5-20 minutes.

44. To the extent that Plaintiff took breaks at all, they were "rest periods" as defined by the regulations interpreting the FLSA, 29 C.F.R. § 785.18, and were therefore compensable.

45. Plaintiff's superiors were aware, or should have been aware, that Plaintiff did not



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Ellis v. Commonwealth Worldwide*
USDC, SDNY

regularly take the 30 minutes being deducted from his pay for alleged break time.

46. Defendant improperly deducted time for alleged break time despite the fact that its management agents were aware that Plaintiff regularly did not in fact take breaks of 30 or more minutes during his shifts.

47. As a result of these deductions, Defendant failed to pay Plaintiff for all hours he actually worked.

48. Further, as a result of these deductions, Defendant failed to pay Plaintiff for the hours above 40 worked in a workweek at a rate of time and a half his/their normal hourly rate.

### *Record-Keeping Failures*

49. Because of the break-time manipulations to the time records, Defendants failed to make, keep, and preserve *accurate* records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

50. Defendants had no good faith basis for believing that their pay practices alleged above were in compliance with the law.

51. The foregoing conduct constitutes "willful" violations of the FLSA, 29 USC 255(a).

52. As a result of the willful violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).


11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Ellis v. Commonwealth Worldwide*
USDC, SDNY

Complaint
Page 7

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

53. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

54. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

55. Due to Defendants' New York Labor Code violations set forth below, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, and costs associated with bringing the action. NY Lab. Code § 663(1).

### *Failure To Pay Time Overtime*

56. Defendants failed to compensate Plaintiff at a rate of one and one half times his properly calculated base hourly rate the hours over 40 he worked in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Spread of Hours*

57. Plaintiff worked more than 10 hours on at least some workdays, but Defendants failed to pay him an additional one-hour's pay at the applicable minimum wage rate, in contravention of. N.Y. Comp. Codes R. & Regs. tit. 12, § 137-1.7.

### *Failure To Provide Break Time*

58. Plaintiff was employed in or in connection with Defendant's mercantile or other establishment.



*Ellis v. Commonwealth Worldwide*
USDC, SDNY

11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

Complaint
Page 8

59. Plaintiff sometimes worked a shift of more than six hours extending over the noon day meal timeframe (i.e. between 11:00am and 2:00pm). Defendant failed to provide Plaintiff at least thirty minutes for the noon day meal, in contravention of NYLL § 162(2).

60. Plaintiff sometimes worked a shift starting before 11:00am and ending later than 7:00pm. Defendant failed to provide Plaintiff an additional meal period of at least twenty minutes between 5:00pm and 7:00pm, in contravention of NYLL § 162(3).

61. Sometimes Plaintiff worked a shift of more than six hours starting between 1:00pm and 6:00am. On those occasions, Defendant failed to provide Plaintiff at least forty-five minutes for a meal period, in contravention of NYLL § 162(4).

62. The New York Commissioner of Labor issued no authority, pursuant to NYLL § 162(5) permitting Defendant to provide shorter meal periods for Plaintiff.

## *Improper Deductions*

63. The Defendant made deductions from Plaintiff's wages other than those authorized under NYLL § 193. See also 12 N.Y. Comp. Codes R. & Regs. 142-2.10

64. Specifically, Defendants made deductions to Plaintiff's wages for break time which he did not in fact take.

## *Record-Keeping Failures*

65. Because of its break time manipulations, Defendant Commonwealth Worldwide failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.



*Ellis v. Commonwealth Worldwide*
USDC, SDNY

11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

Complaint
Page 9

*Willfulness and Damages*

66. Defendants willfully violated Plaintiff's rights by failing to pay him for all of the hours he actually worked.

67. Defendants willfully violated Plaintiff's rights by failing to pay him at a rate of not less than one and one-half times his regular rates of pay for each hour worked in excess of forty hours in a workweek, in violation of 12 N.Y. Comp. Codes R. & Regs. 142-2.2

### As And For A Third Cause of Action:
### UNJUST ENRICHMENT

68. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

69. Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff.

70. Defendants are liable to Plaintiff in the amount of compensation unlawfully withheld from him, along with liquidated damages, interest, litigation costs, attorney fees, and other damages.

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT

71. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

72. Plaintiff and Defendants had an implied employment contract insofar as the employment relationship is inherently contractual in nature.



11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Ellis v. Commonwealth Worldwide*
USDC, SDNY

Complaint
Page 10

73. Plaintiff agreed to perform certain functions for Defendants, in exchange for certain compensation.

74. Specifically, Defendants agreed to pay Plaintiff a certain rate of pay for *all* hours worked, plus 20% of fares collected, and time and a half for hours over 40 worked in a workweek.

75. By failing to pay Plaintiff for all time worked and/or at his proper overtime rate, Defendants breached their contract of employment with Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid wages and unpaid overtime wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages because of Defendants' willful failure to pay minimum and overtime wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiff liquidated damages in the amount of twenty-five percent of their unpaid New York Labor Law minimum and overtime wages because of Defendants' willful failure to pay minimum wage and overtime pay as liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiff prejudgment interest;

(E) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F) Award such other and further relief as this Court deems necessary and proper.



*Ellis v. Commonwealth Worldwide*
USDC, SDNY

11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

Complaint
Page 11

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this 16th day of April, 2010.

GOLDBERG & DOHAN, LLP

*[signature]*

**Penn U. Dodson (PD 2244)**
*pdodson@goldbergdohan.com*
Attorney for Plaintiff

11 Park Place
Suite 1100
New York, NY 10007
(646) 502-7751 direct
(800) 719-1617 main
(212) 406-4779 fax


11 Park Place
Suite 1100
New York, NY 10007
646.502.7751
www.goldbergdohan.com

*Ellis v. Commonwealth Worldwide*
USDC, SDNY

Complaint
Page 12